UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HEATHER SIZEMORE, OBO
C.J., MINOR,
    Plaintiff,

Case No. 1:13-cv-521
Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

**ORDER**

This matter is before the Court on plaintiff's motion for an award of attorney fees and costs under the Equal Access to Justice Act (EAJA). (Doc. 22). Plaintiff filed the motion on December 15, 2014. (Doc. 22). On January 21, 2015, the Commissioner filed a response opposing the motion on the sole ground it was not timely filed pursuant to 28 U.S.C. § 2412(d)(1)(b). (Doc. 28). Plaintiff filed a reply acknowledging she had filed the motion for EAJA fees and costs several days late and requesting leave to file the motion *nunc pro tunc*. (Doc. 29). On March 12, 2015, the Court issued an Order granting plaintiff's request to file the motion for EAJA fees and costs *nunc pro tunc* and giving the Commissioner 21 days from the date of the Order to file a response to plaintiff's motion. (Doc. 30). The Commissioner has not filed a response to date. Accordingly, the Commissioner does not oppose plaintiff's motion for an award of attorney fees and costs under the EAJA on the merits. For the reasons stated below, the Court finds plaintiff's fee request to be well-taken.

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially

justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party.[1] The Court remanded this matter to the Social Security Administration for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) after determining that the Administrative Law Judge erred in making her listings finding at the third step of the sequential evaluation process.[2] (Doc. 20).

In addition, the Commissioner's position in upholding the decision of the ALJ was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Id.* at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). It is the government's

---

[1] The Commissioner has acknowledged that plaintiff is a prevailing party in this matter. (Doc. 28 at 2, n. 1).
[2] As explained in the Court's prior Order, the case was also remanded pursuant to Sentence Six of § 405(g); however, plaintiff must succeed on remand to achieve prevailing party status under Sentence Six. (Doc. 30 at 3).

2

burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

The Commissioner has not filed a memorandum opposing plaintiff's EAJA application on the merits and therefore has not met her burden of proving substantial justification. Accordingly, EAJA fees and costs should be awarded to plaintiff's counsel for her work conducted before this Court in securing the remand under Sentence Four.

After careful review of the record, and in the absence of any opposition by the Commissioner, the undersigned finds no evidence of special circumstances to bar a fee award here. The Court further finds that the hourly rate of $175.00, adjusted for cost-of-living increases since enactment of the EAJA, and the 20.6 hours expended that are claimed by counsel are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff,* 560 U.S. 586, 598 (2010). *See also Renneker v. Astrue,* No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

3

It is therefore **ORDERED** that plaintiff's motion for an award of attorney fees and costs under the EAJA be **GRANTED** and that plaintiff be **AWARDED** $3,605.00 in attorney fees and $400.00 in costs for a total award of $4,005.00.

**IT IS SO ORDERED.**

Date: 4/13/15

Karen L. Litkovitz
United States Magistrate Judge